UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                          Debtor.

                                                                                  Case No.: 20-22980-AJC
                                                                                  Chapter: 13

Julio C Chirino
*aka* Julio Chirino
*aka* Julio Cesar Chirino
*aka* Julio Cesar Chirino Fernandez
*aka* Julio Chirino Fernandez
*aka* Julio C Chirino Fernandez,

_____/

**SCOLOPAX, LLC'S RESPONSE TO**
**DEBTOR'S OBJECTION TO CLAIM 13 [DOC. NO. 87]**

Scolopax, LLC, its successors and assigns ("Respondent"), by and through its attorney, responds to Debtor's Objection to Claim 13-2 [Doc. No. 87] (the "Objection") and in support states:

1.  On November 30, 2020, the Debtor filed this Chapter 13 bankruptcy case.

2.  The deadline for filing claims was February 8, 2021 ("Claims Bar Date").

3.  On February 5, 2021, prior to the Claims Bar Date, Respondent filed Claim No. 13 ("Claim") evidencing a total unsecured claim in the amount of $3,801.73 listing the basis as a credit card.

4.  On November 12, 2021, Respondent amended the Claim to evidence a total secured claim in the amount of $3,801.73 secured by a Motor Vehicle, specifically a 2014 Kenworth with a vin number of 1XKYD49X2EJ404471.

5.      On January 10, 2022, Debtor's Objection was filed alleging that the vehicle was a total loss and surrendered to the insurance company. Debtor's Objection alleges that the amended proof of claim was filed after the bar date and should be therefore stricken and disallowed.

6.      It is noteworthy, that the Debtor's Schedule F includes an account for Freedom Truck Finance. Freedom Truck Finance is the original creditor of the account that was sold and is now owned by Respondent.

7.      According to the Eleventh Circuit Court of Appeals, an amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. In re Int'l Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985).

8.      Respondent contends that the Claim is filed timely and the amendment should be allowed as it is describes the claim with more particularity or pleads a new theory of recovery. Specifically, the amendment provides that the Claim is based on a Motor Vehicle and includes the Certificate of Title for a Vehicle as an exhibit to the Claim.

9.      Respondent shall amend the Claim to list the amount as unsecured on the basis that the vehicle was a total loss.

WHEREFORE, Respondent respectfully requests this Court deny the Objection filed by the Debtor, grant leave to amend the Claim as outlined above, and for such other and further relief as the Court deems just and proper.

Dated: February 9, 2022                    McCalla Raymer Leibert Pierce, LLC

                        By:    */s/Reka Beane*
                               Reka Beane, Esq.
                               Florida Bar No. 52919
                               Attorney for Lender
                               110 S.E. 6th Street, Suite 2400
                               Ft. Lauderdale, FL 33301
                               Phone: (954) 332-9370

Fax: (954) 332-9370
Email: Reka.Beane@mccalla.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 9, 2022 as follows:

By First Class U.S. Mail to:

Julio C Chirino
870 W 53rd Street
Hialeah, FL 33012-2417

By Electronic Notice to:

Robert Sanchez, Esq
355 W 49 St.
Hialeah, FL 33012

Trustee
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

By:   /s/Reka Beane
      Reka Beane, Esq.